# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LINDA M. BENNETT,<br>Executrix for the Estate of<br>Elizabeth H. Maynard,<br><br>      Plaintiff,<br><br>      v.<br><br>OFFICE OF PERSONNEL<br>MANAGEMENT, OFFICE OF<br>FEDERAL EMPLOYEE'S GROUP<br>LIFE INSURANCE, and<br>METROPOLITAN LIFE<br>INSURANCE CO.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:14CV137 |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendant Office of Personnel Management's ("OPM") motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the basis that the Defendant has not waived sovereign immunity. (Docket Entry 14.) Plaintiff Linda Bennett ("Plaintiff" or "Bennett"), appearing *pro se*, filed a response opposing the motion to dismiss. (Docket Entry 17.) OPM filed a reply.[1]

---

[1] Plaintiff also filed a surreply in response to OPM's reply. (Docket Entry 19.) Neither the Federal Rules of Civil Procedure nor this court's local rules of procedure provide for the filing of surreply briefs. *See* Local Rules 7.2, 7.3 (proper motion practice consists only of a motion and an accompanying supporting brief, a response and brief, and a reply brief which is limited to matters newly raised in the response); *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010) ("Parties do not have the right file a surreply."). Therefore, the Court need not consider any novel substantive arguments made in this filing. However, given Plaintiff's *pro se* status and out of an abundance of caution, the Court will use Plaintiff's surreply where it is helpful to elucidate the arguments already proffered in her Complaint and response brief.

(Docket Entry 18.) The motion has been fully briefed, and the matter is ripe for disposition. For the reasons that follow, it is recommended that Defendant OPM's motion be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action in the Middle District of North Carolina on February 18, 2014. (Docket Entry 1.) Naming three defendants (OPM, the Office of Federal Employee's Group Life Insurance [OFEGLI], and Metropolitan Life Insurance Co. [MetLife]), Plaintiff alleges several causes of action relating to the distribution of benefits under the life insurance policy of Elizabeth Maynard, Plaintiff's mother, following Maynard's death in October 2012. These causes of action include a violation of the Federal Employee's Group Life Insurance Act, 5 U.S.C. § 8701 *et seq.* ("FEGLIA"), breach of contract, negligence, negligent infliction of emotional distress, unfair settlement practices, and fraud. (Compl. at 2, Docket Entry 1.) Plaintiff seeks a jury trial, a reversal of the life insurance payments already disbursed to Pamela Roney, Plaintiff's sister, and compensatory and punitive damages. (*Id.* at 14.)

The facts of this action center on Elizabeth Maynard's life insurance policy through MetLife and the Federal Employees' Group Life Insurance Program ("FEGLI" or "Program"). "Congress enacted FEGLIA in 1954 to provide low-cost group life insurance to Federal employees. Under FEGLIA, insurance benefits are provided under a master policy issued by MetLife to the [OPM]. OPM administers FEGLIA and has the authority to prescribe regulations necessary to carry out FEGLIA's purposes." *Metro. Life Ins. Co. v. Christ*, 979 F.2d 575, 576 (7th Cir. 1992) (internal quotations and citations omitted). In turn, MetLife created a nongovernmental Office of Federal Employees' Group Life Insurance

("OFEGLI") to administer and adjudicate claims under the Program.[2]  In this regard, OPM operates as an insurance policy holder, while MetLife operates as a policy issuer.

Plaintiff alleges that, at some point during her life, Maynard listed both Plaintiff and Roney as beneficiaries on her FEGLI life insurance policy.  (Compl. at 9.)  However, prior to her death, Maynard changed her policy to only list Roney as a beneficiary.  Plaintiff strongly suggests that this change occurred as a result of undue influence on the part of Roney.  (*Id.* at 12-13).  When Plaintiff discovered her mother's death and subsequently applied for insurance payments, she was informed that her application was denied and payment had already been made to the named beneficiary.  (*Id.* at 10.)  Bennett complained to OPM and OFEGLI, but both parties allegedly dismissed her complaints.  (*Id.* at 11-13.)  Plaintiff contends that these two actions constitute a breach of OPM and OFEGLI's duty to verify that payment of a life insurance policy is made on establishment of a valid claim (in this case, properly determining whether the change in Maynard's life insurance policy was the result of undue influence and therefore not a valid change).  (*Id.* at 12-13.)

## II.    STANDARD OF REVIEW

This Court must liberally construe complaints filed by *pro se* litigants, to allow them to fully develop potentially meritorious cases.  *See, e.g., Cruz v. Beto*, 401 U.S. 319 (1972).  However, this requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings.  *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

---

[2] Plaintiff cites to the OPM FEGLI Handbook for the basic policies and structure of FEGLI, and these facts are not in contention.  *See* OPM Federal Employees' Group Life Insurance (FEGLI) Program Handbook 2, *available at* http://www.opm.gov/healthcare-insurance/life-insurance/reference-materials/handbook.pdf (2014).

OPM seeks dismissal pursuant to two Federal Rules of Civil Procedure: 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.[3] When a defendant raises a 12(b)(1) challenge to a plaintiff's claim, "the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredricksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," though the court will apply the standard applicable to a motion for summary judgment. *Id.* The movant will prevail "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)).

It is well settled that the United States "enjoys sovereign immunity from suit unless it expressly waives such immunity." *Hendy v. Bello*, 555 F. App'x. 224, 226 (4th Cir. 2014) (citing *United States v. McLemore*, 45 U.S. 286, 288 (1846)). If a plaintiff fails in her burden to show that the United States has waived its sovereign immunity, "the case should be dismissed for want of jurisdiction under Rule 12(b)(1)." *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Kirchmann v. United States*, 8 F.3d 1273, 1275 (8th Cir. 1993)); *see also*

---

[3] Although OPM classifies its motion as one under both Federal Rules 12(b)(1) and 12(b)(6), OPM's motion only addresses the issue of sovereign immunity. Because the Court recognizes this as a jurisdictional issue, it need not address the merits of the motion under 12(b)(6). *See Hendy v. Bello*, 555 F. App'x 224, 227 (4th Cir. 2014) (affirming district court's dismissal "for lack of subject-matter jurisdiction on sovereign-immunity grounds).

*F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (noting that "[s]overeign immunity is jurisdictional in nature.").

## III.  DISCUSSION

The only issue for the Court to decide in this matter is whether or not the United States has waived its sovereign immunity with respect to Bennett's claim.  If so, then the Government's motion must fail.  If not, then the motion must be granted and OPM must be dismissed from the present action.

It is undeniable that the United States has waived sovereign immunity with respect to certain claims against it under the FEGLIA.  *See, e.g., Barnes v. United States*, 307 F.2d 655, 657-58 (D.C. Cir. 1962) (concluding that "the United States has consented to be sued . . . to the extent that any such civil action or claim *can be shown to involve some right created by* [the FEGLIA] and a breach by the Government of some duty with respect thereto.") (emphasis added).  Adopting the D.C. Circuit's test, the present motion then boils down to two simple questions: Does the Act confer upon Bennett a right to ensure a change in beneficiaries of a life insurance policy under FEGLI was validly enacted, and, if so, did the Government breach that duty in this case?

Courts disagree about the limit of the Government's duties under FEGLIA.  Some courts have held that the Government has a duty to review an insured's beneficiary forms for accuracy.  In *Carson v. United States*, No. 92-2231, 1993 WL 219211 (D.D.C. June 7, 1993), a widow sued for nonpayment of life insurance benefits under FEGLI, and contended that the alleged cancellation of her late husband's insurance policy should have been deemed ineffective.  The plaintiff claimed that her husband relied on the Government's misleading

representation that it would pay his life insurance contributions, or, alternatively, that he was not competent, three months before his death from AIDS, to waive coverage. *Id.* at *2. In response, the United States argued that it had no affirmative duty to ensure the insured's competency before cancelling his policy or to inform the beneficiaries of the cancellation. *Id.* at *3. The court accepted the plaintiff's argument about the insured's competency, and denied the Government's motion. *Id.* at *4. In so ruling, the court held that the complaint

> raise[d] a material disputed fact regarding [the insured's] legal competence to waive his life insurance policy. It is possible plaintiff may be able to demonstrate at trial that the deceased's waiver of his life insurance benefits was not effective, either because he was incompetent to waive the benefits or because he detrimentally relied on . . . the representation of the District of Columbia government.

*Id.* at *4; *see also Nixon v. United States*, 916 F.Supp.2d 855, 861 (N.D. Ill. 2013) (denying the Government's motion to dismiss when plaintiffs alleged that the Government breached a legal duty it owed under FEGLIA by failing to correctly maintain a beneficiary designation form.).

In contrast, other courts have held that the Government owes no duty to ensure the correctness of beneficiary designation forms. For example, in *Argent v. OPM*, No. 96 Civ. 2516, 1997 WL 473975 (S.D.N.Y. Aug. 20, 1997), the court granted the government's 12(b)(1) motion to dismiss based on very similar facts to the present action. In *Argent*, the plaintiff seemingly alleged that the insured's son conspired to unlawfully alter his father's beneficiary designation to reduce plaintiff's share of the insurance proceeds and increase his own share. *Id.* at *1. The *Argent* court adopted a narrow understanding of the Government's duties under FEGLIA, finding that such duties are limited to "negotiating

and procuring group life insurance for its employees." *Id.* at *2 (internal citations omitted).

In fact, the court went on to expressly distinguish *Carson* from the present facts:

> [E]ven if the Government has a duty to ensure that a waiver of insurance is effective, it does not follow that the Government has a duty to review designations for fraud. A waiver of insurance relinquishes all of the insured's rights under a policy, whereas a designation of beneficiary form merely sets forth the allocation of proceeds which would otherwise be determined by law.

*Id.* at *3; *see also Graber v. Metro. Life Ins. Co.*, 855 F. Supp.2d 673, 677 (N.D. Ohio 2012) ("the only legal duty imposed on the United States under FEGLIA is to ensure that the correct FEGLI policy is negotiated and issued"); *Kimble v. United States*, 345 F.2d 951, 953 (D.C. Cir. 1965) (finding that the Government met its obligations to insured's widow when it furnished the insurance company with the insured's file, even though the insurance company paid the resulting policy benefits to the insured's common law wife, not his widow); *Grove v. United States*, 170 F. Supp. 176, 177 (E.D.Va. 1959) (holding that a suit against the Government can be maintained "only if it could be shown that the Government had failed to cause the issuance of the insurance contract in the proper amount according to decedent's salary earned as an employee.").

The facts of the present action are more similar to those in *Argent*. As in *Argent*, Plaintiff is asking the Court to declare that the Government has an affirmative duty to verify that all changes in beneficiary designation forms under FEGLI are validly executed. Such an extension of duties would not be consistent with Congress's intentions to limit the role of the United States under FEGLI to "negotiating and procuring group life insurance policies for its employees." *Railsback v. United States*, 181 F. Supp. 765, 766 (D. Neb. 1960). Thus, because the Government did not owe Plaintiff the duty she alleges, it has not waived

sovereign immunity with respect to her claim. The Complaint against the Government must therefore be dismissed.

Furthermore, as the *Argent* court noted, "[I]t would be unwise, absent a much clearer legislative statement, to expose the Government to potential monetary liability for every administrative lapse which might occur in the course of operating a program as large as FEGLI." 1997 WL 473975, at *4 (internal citation omitted). It would not be an efficient use of scarce governmental resources, absent an express statement from Congress to the contrary, to force the Government to investigate all claims of the type alleged by Plaintiff. Plaintiff may still yet have a cause of action against MetLife, but, as then-Judge Burger explained in *Barnes*, "[Plaintiff]'s remedy, whatever it may be, is not by way of a suit against the United States." 307 F.2d at 660 (Burger, J., concurring).

## IV. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the court **GRANT** Defendant's motion to dismiss (Docket Entry 14) pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Joe L. Webster
United States Magistrate Judge

October 22, 2014
Durham, North Carolina