IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LINDA M. BENNETT, Executrix for )
the Estate of Elizabeth H. Maynard, )
LINDA M. BENNETT, on behalf of )
herself and all others similarly situated, )
                                                         )
                Plaintiffs, )
                                                         )
      v.                                                     )          1:14cv137

OFFICE OF PERSONNEL )
MANAGEMENT (OPM), OFFICE OF )
FEDERAL EMPLOYEE'S GROUP )
LIFE INSURANCE (OFEGLI) and )
METROPOLITAN LIFE )
INSURANCE COMPANY, )
                                                         )
             Defendants. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the following motions by Defendants Office of Federal Employee's Group Life Insurance ("OFEGLI") and Metropolitan Life Insurance Company (MetLife): Motion for Summary Judgment (Docket Entry 44); Motion for Protective Order (Docket Entry 53); and Motion to Dismiss (Docket Entry 54). Also pending are the following motions by Plaintiffs:[1] Motion to Amend Scheduling Order(Docket Entry 43); and Motion Regarding the Sufficiency of Answer or Objection.

---

[1] Plaintiff Linda Bennett brings this action on her own behalf and also as the Executrix of Elizabeth Maynard's estate. In this Recommendation, unless otherwise noted, the use of the term Plaintiff refers to Linda Bennett in both her capacities.

(Docket Entry 51.) On November 17, 2015, a hearing was held as to all pending and ripe motions.[2]

## I. PROCEDURAL BACKGROUND

Plaintiff filed the complaint in this action on February 18, 2014 against three defendants: Office of Personnel Management (OPM); OFEGLI and MetLife. (Docket Entry 1.) Plaintiff asserted causes of action relating to the distribution of benefits under the life insurance policy of Elizabeth H. Maynard, Plaintiff's mother, for violation of the Federal Employee's Group Life Insurance Act of 1954, 5 U.S.C. § 8701 *et seq.* ("FEGLIA"), breach of contract, negligence, negligent infliction of emotional distress, unfair settlement practices, and fraud. (Compl. at 2, Docket Entry 1.) Plaintiff asked for a jury trial, a reversal of the life insurance payments already disbursed to Pamela Roney, and compensatory and punitive damages.[3] (*Id.* at 14.)

After Plaintiff filed this action, MetLife, without conceding any wrongdoing, tendered payment to Plaintiff in the full benefit amount, plus interest. Defendants filed their motion for summary judgment on June 8, 2015, arguing that because Plaintiff has received all that she could have received under the Federal Employees Group Life Insurance Program ("FEGLI"), she is entitled to no further relief. (Docket Entry 44.) Plaintiff subsequently returned the check to Defendants. (*Id.* at 2 n.1.) On August 31, 2015, Defendants filed a

---

[2] At the hearing the Court orally granted two of Plaintiff's other motions, for exemption from settlement conference and for extension of time to file a response to the motion for protective order. (*See* Docket Entries 42, 63.) Additionally, Plaintiff withdrew her motion for an evidentiary hearing. (Docket Entry 60.)

[3] By order dated December 15, 2014, Defendant OPM was dismissed from the case. (Docket Entry 29.) Thus, in this Recommendation the collective term "Defendants" refers to Defendants MetLife and OFEGLI.

2

motion to dismiss for lack of jurisdiction. (Docket Entry 54.) Defendants argue that the case should be dismissed because there is no longer a case or controversy, Plaintiff's lawsuit is moot, and this court no longer has subject matter jurisdiction in this matter. (*Id.* at 2.)

## II. FACTUAL BACKGROUND

This action involves benefits under Elizabeth Maynard's life insurance policy issued through MetLife and FEGLI. Elizabeth Maynard worked for the Department of Veterans Affairs. (Affidavit of Jerel Robertson, Attach. 1, Def.'s Mot. Summ. J., Docket Entry 44-1 (hereinafter "Robertson Aff.").) Maynard died on October 20, 2012. On April 18, 2012, Maynard completed a Designation of Beneficiary form, identifying Pamela Roney as the primary beneficiary under the policy. (Robertson Aff. Ex. 2, Docket Entry 44-3.) Pamela Roney is Plaintiff's sister and Maynard's daughter. Plaintiff alleges Maynard changed the beneficiary designation in April 2012 as a result of undue influence on the part of Roney. (Compl., 12-13.) Under the previous beneficiary designation form, dated October 22, 1991, Plaintiff was designated as the primary beneficiary of the benefits payable under Maynard's life insurance policy. (Robertson Aff., Ex. 3.)

After Maynard's death on October 20, 2012, Roney filed a claim for the FEGLI benefits. On December 2, 2013, MetLife paid Roney $7,754.67, representing benefits in the amount of $7,750, plus interest of $4.67. Plaintiff asserts that she notified MetLife in November 2012 that she intended to make a claim for the FEGLI benefits payable under the policy. She sent her completed claim form to MetLife on December 7, 2012. On December 18, 2012, MetLife denied Plaintiff's claim because she was not the designated beneficiary. On January 18, 2013, MetLife notified Plaintiff that it had already paid the

3

FEGLI benefits to Roney. On June 2, 2015, subsequent to the filing of this lawsuit and notwithstanding the payment already made to the named beneficiary under the policy, Defendants also tendered the full benefit amount, plus interest, to Plaintiff. (Robertson Aff., Ex. 4, Docket Entry 44-6.)

## III. DISCUSSION

Article III of the United States Constitution "confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). To invoke a federal court's jurisdiction, "a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake', in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013). There must be a dispute that "is definite and concrete, touching the legal relations of parties having adverse legal interests." *White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 913 F.2d 165, 167 (4th Cir. 1990) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). Additionally, the United States Supreme Court has noted:

> A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. . . . If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during litigation, the action can no longer proceed and must be dismissed as moot.

*Genesis Healthcare*, 133 S. Ct. at 1528; *see also Virginia ex. rel Coleman v. Califano*, 631 F.2d 324, 326 (4th Cir. 1980) ("Federal courts have no jurisdiction to decide moot cases because of the case or controversy requirement of Article III of the Constitution."). Under the Federal Rules of Civil Procedure, the Court may dismiss a case at any time if the court determines that the case lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

FEGLIA established a life insurance program for federal employees. Under FEGLIA, an employee may designate a beneficiary to receive the proceeds of her life insurance at the time of her death. The program is administered by the OPM. 5 U.S.C. § 8716. Under the authority granted to it by FEGLIA, OPM entered into a contract with MetLife. *See* § 8709; 5 C.F.R. § 870.102 (2013). MetLife administered Plaintiff's claim under the FEGLI program.

Under FEGLIA, upon an employee's death, life insurance proceeds are paid in a specified "order of preference." 5 U.S.C. § 8705(a). The proceeds accrue "[f]irst to the beneficiary or beneficiaries designated by the employee in a signed and witnesses writing received before death." *Id.* Under the OPM regulations, an employee "may change [a] beneficiary at any time without the knowledge or consent of the previous beneficiary." 5 CFR § 870.802(f).

The rights and obligations of the parties under the FEGLI program are governed by the *Federal Employees' Group Life Insurance Program Standard Contract for 2012* between OPM and MetLife (the "Contract"). (Contract, Robertson Aff., Ex. 1, Docket Entry 44-2.) The contract provides that "[i]n any action at law or equity that relates to the FEGLI Program, the claimant will be limited in the amount of recovery of benefits that would be payable under the FEGLI Program. No extra-contractual, punitive, compensatory, consequential damages or attorneys' fees shall be recoverable under the FEGLI Program." (Contract, Section 1.17, Ex. 1 to Robertson Affidavit, Docket Entry 44-2.) "[W]here a beneficiary has been duly named, the insurance proceeds she is owed under FEGLIA cannot be allocated to another person by operation of state law." *Hillman v. Maretta*, 133 S. Ct. 1943, 1953 (2013).

5

Case 1:14-cv-00137-JAB-JLW   Document 74   Filed 12/21/15   Page 5 of 8

Under the Contract here, the only cognizable claim for recovery is for payment of benefits under the Policy. Plaintiff's claims for relief, including "the reversal of any payments; compensation for economic loss and emotional distress, punitive damages, and an order to recover any fraudulent claims" are simply not cognizable under the terms of the Contract and any damages beyond the FEGLI benefits are not recoverable.

Finally, as argued by Defendants, Plaintiff has received all that she is entitled to receive under FEGLI, thereby rendering her claim moot. As noted by the Supreme Court in *Genesis Healthcare*, where an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the litigation, the action must be dismissed as moot. 133 S. Ct at 1528. All Plaintiff here was entitled to under the Contract is recovery of the benefits that would be payable under the FEGLI program. Because MetLife has now tendered payment of those benefits to Plaintiff, plus interest, she has received all the benefits to which she is arguably entitled. *See Hines v. Sheet Metal Workers' Nat'l Health Fund Plan*, No. 1:05CV1159, 2006 WL 2191254 (M.D.N.C. June 14, 2006) (unpublished) (where plaintiff filed suit for health coverage under a union health plan, and the plan's trustees reinstated her health coverage after suit was filed, court dismissed the case as moot).

Plaintiff's refusal to accept the payment tendered by Defendants does not change the result. *See, e.g., Wallace v. Crown Cork and Seal Pension Plan*, Civ. Action No. 4:05-673-RBH, 2007 WL 3176233 (D.S.C. Oct. 26, 2007) (case mooted by defendant's disability payment to plaintiff, despite the fact that defendant did not admit that plaintiff was entitled to the benefits and the parties had not entered into a settlement agreement).

6

Plaintiff argues that 5 U.S.C. § 8705 does not authorize MetLife to make two payments under the facts of this case. However, there is nothing in the statutory scheme which allows Plaintiff to assert wrongful payment by MetLife under these circumstances. In other words, there is not a private cause of action to enforce the rights and obligations of MetLife under its contract with OPM. Moreover, Plaintiff's argument that she will be subject to criminal tax liability if she accepts the payment is unavailing. Plaintiff offers no caselaw or other authority to support her arguments.

This court appreciates that Plaintiff feels strongly about this matter. However, a common sense application of FEGLIA leads to the conclusion that Plaintiff is entitled to no more than the benefits under the life insurance policy issued to Plaintiff's mother pursuant to the FEGLI program. The Court concludes that the tender to Plaintiff by MetLife of the benefits payable under FEGLI and the Contract, all that Plaintiff is arguably entitled to, mooted Plaintiff's claim, thereby depriving the Court of jurisdiction over the action.[4]

Accordingly, **IT IS RECOMMENDED** that Defendants' motion to dismiss under FED. R. CIV. P. 12 (h)(3) for lack of jurisdiction (Docket Entry 54) be **GRANTED**. **IT IS**

---

[4] In addition to bringing this action on her own behalf, Plaintiff purports to bring this action on behalf of the Estate of Elizabeth Maynard. However, it is clear that the Estate does not have a claim to the proceeds in this matter. Proceeds payable pursuant to FEGLIA are paid directly to the designated beneficiaries under the policy, and are not considered part of the estate of the insured (unless estate is named as the designated beneficiary). *See* 5 U.S.C. § 8705(a). Additionally, while the caption of the Complaint names Linda Bennett "on behalf of herself and all others similarly situated," it is clear that only Plaintiff and Roney (as past and current designated beneficiaries) have any interest in the proceeds payable under the FEGLI policy. Indeed, if Plaintiff is attempting to assert a class action, she has never filed a motion to certify a class, and her attempt to represent a class of "others similarly situated" is unsuccessful.

7

**FURTHER RECOMMENDED** that all other pending motions (Docket Entries 43; 44; 51; 53) be **DISMISSED** as moot.[5]

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
December 21, 2015

---

[5] There are two other pending motions which are not yet ripe: Plaintiff's Motion to Compel (Docket Entry 70) and Defendant's Motion for Extension of Time to File Response to Motion to Compel. (Docket Entry 72.) In the event the district court adopts this recommendation and grants the motion to dismiss, these two motions will be moot.